UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-663-MOC

| | |
|---|---|
| LATREASS BRITTIAN, *individually and on behalf of all others similarly situated*, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **ORDER** |
| | )<br>) |
| EXTENDED STAY AMERICA, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** comes before the Court on a partial motion to dismiss, filed by Defendants. (Doc. Nos. 25, 27).[1] Defendants move, pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or (6), for an order dismissing Counts IV and V of the Corrected Class Action Complaint.

### I. BACKGROUND

Plaintiff Latreass Brittian purports to bring claims individually, on behalf of a nationwide class, and on behalf of a Georgia Subclass relating to what she alleges is an unfair practice with respect to prepaid reservations at Extended Stay America branded hotels. Plaintiff alleges that she is a resident of Georgia who, beginning on December 14, 2021, was a guest at an Extended

---

[1] Defendants ESA Management, LLC, ESH Hospitality Strategies LLC, ESH Strategies Franchise LLC, and ESH Strategies Branding LLC filed a motion to dismiss on February 10, 2023. (Doc. No. 25). The remaining named Defendants filed their own motion to dismiss on February 13, 2023, in which they join in the original motion to dismiss. (Doc. No. 27).

Stay America hotel in Norcross, Georgia. (Compl. ¶ 11). She alleges that she made a prepaid reservation, paying for the full amount of her anticipated stay in advance. (Id.). She further alleges that she "extended" her stay by making a second, consecutive reservation, also prepaid. (Id. ¶ 12). According to her allegations, she was designated a "no show" for her second reservation by the hotel's computer system and was told to vacate the hotel room. (Id. ¶ 13). She complains that, although she was denied an accommodation, the hotel retained her prepayment. (Id. ¶ 14).

Plaintiff purports to bring two common law claims (Count I for breach of contract and Count II for unjust enrichment); one statutory claim arising under North Carolina Law (Count III for violation of North Carolina's Unfair and Deceptive Trade Practices Act); and two statutory claims arising under Georgia law (Count IV for violation of Georgia's Uniform Deceptive Trade Practices Act (the "GUDTPA") and Count V for violation of Georgia's Fair Business Practices Act (the "GFBPA")). Plaintiff seeks to certify a nationwide class as to Counts I through III and a Georgia subclass as to Counts IV and V. Plaintiff asserts that the claims in Counts I through III are asserted on behalf of Brittian individually, and in an asserted representative capacity on behalf of a nationwide class, defined to include:

> All individuals who prepaid for a reservation at an Extended Stay America hotel in the United States, were denied accommodation at an Extended Stay America hotel during the term of the prepaid reservation, and whose prepayment was not refunded.

(Id. ¶ 95). Plaintiff asserts the claims in Counts IV through V individually and on behalf of a Georgia Subclass defined to include:

> All individuals who prepaid for a reservation at an Extended Stay America hotel in the State of Georgia, were denied accommodation at an Extended Stay America hotel during the term of the prepaid reservation, and whose prepayment was not refunded.

2

(Id. ¶ 96).

In their motion to dismiss, Defendants contend that the two Georgia statutory claims are defective and should be dismissed. First, Defendants seek an order dismissing Count IV, the GUDTPA claim, because the claim seeks damages and other relief based on past harm, but the GUDTPA permits claims based only on the prospect of future harm. Defendants contend that because Plaintiff has not adequately alleged that she is likely to be harmed in the future, her pleading fails to establish that she has standing to bring the claim. Defendants also seek an order dismissing Count V, the GFBPA claim, arguing that Plaintiff has failed to make, and has failed to allege that she made, a pre-suit demand, which is a prerequisite of a GFBPA claim.

## II. STANDARD OF REVIEW

Defendants move to dismiss under Rules 12(b)(1) and 12(b)(6). A Rule 12(b)(1) motion addresses whether the plaintiff "has a right to be in the district at all and whether the court has the power to hear and dispose of [plaintiff's] claim," and a Rule 12(b)(6) motion addresses whether the plaintiff "has stated a cognizable claim" and challenges the "sufficiency of the complaint." Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012).

On a Rule 12(b)(1) motion to dismiss for lack of standing, "a court must construe the complaint in the plaintiff's favor, accepting as true the factual allegations in the complaint." Students for Fair Admissions, Inc. v. U. of N. Carolina, 1:14CV954, 2018 WL 4688388, at *2 (M.D.N.C. Sept. 29, 2018). A district court should only grant a Rule 12(b)(1) motion to dismiss "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, Fredericksburg, & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The issue of statutory standing "is a separate inquiry from Article III

3

standing," and presents a challenge to the sufficiency of the pleadings. U.S. v. Chandler, 118-cr-79, 2019 WL 1427556, at *2 (W.D.N.C. Mar. 29, 2019). In this respect, a motion to dismiss that challenges a party's statutory standing "is 'effectively the same as a dismissal for failure to state a claim'" under Rule 12(b)(6). U.S. v. Oregon, 671 F.3d 484, 490 n.6 (4th Cir. 2012) (quoting CGM, LLC v. BellSouth Telecomm., Inc., 664 F.3d 46, 52 (4th Cir. 2011)).

In reviewing a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

### III. DISCUSSION

**A. The GUDTPA Claim (Count IV)**

Count IV of Plaintiff's Complaint alleges a violation of the GUDTPA. The GUDTPA permits a proper plaintiff to obtain an injunction against a prohibited practice. GA. CODE ANN. § 10-1-373(a); Collins v. Athens Orthopedic Clinic, 356 Ga. App. 776, 779 (2020). The statute does not provide a remedy for past harm, nor does it permit an award of damages; the only relief

4

available under the GUDTPA is injunctive relief to prevent future or ongoing harm. Catrett v. Landmark Dodge, Inc., 253 Ga. App. 639, 644 (2002). To survive a motion to dismiss, a GUDTPA plaintiff must establish standing. Id. (affirming dismissal of GUDTPA claim because plaintiffs, who did not allege that they were likely to be damaged in the future, failed to establish standing).

To establish standing under the GUDTPA, a plaintiff must meet the constitutional standing requirements as well as the statutory standing requirements. Silverstein v. P&G Mfg. Co., No. CV108-003, 2008 WL 4889677, at **3–6 (S.D. Ga. Nov. 12, 2008) (holding that plaintiff lacked statutory standing to maintain an action under the GUDTPA because plaintiffs failed to show they would suffer ongoing or future harm). Constitutional standing requires, in a claim for injunctive relief, that the plaintiff must have "particular and concrete" allegations of future harm. Id. at *3 (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 109 (1998)). Statutory standing requires the plaintiff to allege that she is likely to be damaged in the future by the allegedly deceptive practice. Id. at *4 (citing Catrett, 253 Ga. App. at 644). Thus, a GUDTPA plaintiff who alleges past harm but who fails to make particular and concrete allegations of future harm lacks standing. Id.; see also Catrett, 253 Ga. App. at 644.

Here, Plaintiff has failed to plead facts that would establish constitutional and statutory standing. As Defendants note, most of Plaintiff's allegations in Count IV are allegations of past harm. (See Compl. ¶¶ 128–36 (alleging that Defendants concealed facts, failed to disclose facts, and caused Plaintiff to suffer injury-in-fact and actual damages)). The only allusion Plaintiff makes to the future is in her conclusory allegation that she "has been, or may be, subject to" the practices of which she complains. See (Compl. ¶ 137). Neither that allegation nor any other provides any particular or concrete facts from which this Court could conclude that she is likely

to suffer harm in the future.

Moreover, the fact that Plaintiff purports to bring the claim on behalf of others does not rescue it from the standing defect. Plaintiff's obligation to establish standing in her individual capacity exists even if she is to represent a putative class of plaintiffs. Bolinger v. First Multiple Listing Serv., Inc., 838 F. Supp. 2d 1340, 1364 (N.D. Ga. 2012). Because Plaintiff has failed to allege that she is likely to be harmed in the future, Plaintiff's GUDTPA claim (Count IV) of the Complaint will be dismissed. See Collins, 356 Ga. App. at 780 (upholding the trial court's proper dismissal of plaintiffs' GUDTPA claim where plaintiffs failed to allege a future harm). Nevertheless, the claim will be dismissed without prejudice to Plaintiff to amend the Complaint to sufficiently allege future harm for purposes of Plaintiff's GUDTPA claim.

**B. The GFBPA Claim (Count V)**

Count V of Plaintiff's Complaint alleges a violation of the GFBPA. The GFBPA clearly requires, as a precondition to bringing a claim, that "[a]t least 30 days prior to the filing of such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be delivered to any prospective claimant." GA. CODE ANN. § 10-1-399(b); Lynas v. Williams, 216 Ga. App. 434, 435 (1995) ("[I]t is a statutory prerequisite to the filing of a FBPA suit that adequate written notice be timely sent."); see also Steed v. Federal Nat'l Mortg. Corp., 301 Ga. App. 801, 809–10 (2009) (explaining that the "notice requirements imposed by OCGA § 10-1-399(b) are a prerequisite to the filing of a FBPA suit").

In their motion to dismiss, Defendants contend that Plaintiff's claim must be dismissed because the Complaint fails to allege that Plaintiff has met the statutory precondition to filing suit. See Carder v. Graco Child.'s Prods., 558 F. Supp. 3d 1290, 1328 (N.D. Ga. 2021)

(dismissing plaintiff's GFBPA claim for failure to provide sufficient pre-suit notice) (on recons. in part by Carter v. Graco Child.'s Prods., No. 2:20-cv-00137-LMM, 2021 WL 9721143 (N.D. Ga. Nov. 18, 2021) (dismissing plaintiff's GFBPA claim without prejudice and with leave to amend); Corcoran v. CVS Health Corp., 169 F. Supp. 3d 970, 993 (N.D. Cal. 2016) (granting defendant's motion to dismiss plaintiff's GFBPA claim for failure to provide presuit notice).

Plaintiff counters that she sufficiently alleged the pre-suit notice requirement of the GFBPA. Plaintiff argues that she reasonably described the unfair or deceptive act or practices and the relief sought in the notice and the dates of the pre-suit notices, which the ESA Defendants acknowledge receiving. The Court finds that Plaintiff sufficiently alleged GFBPA's pre-suit notice requirement. Lynas v. Williams, 216 Ga. App. 434, 435 (1995) (noting that the pre-suit notice requirement of the GFBPA is to be "liberally construed"). Therefore, the motion to dismiss is denied as to Plaintiff's GFBPA claim (Count V).

## IV. CONCLUSION

For the reasons stated herein, the Court grants Defendants' motion to dismiss and dismisses Plaintiff's Count IV, but the dismissal shall be without prejudice to Plaintiff to amend the Complaint. The Court denies the motion to dismiss Plaintiff's Count V.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Dismiss, (Doc. No. 7), is **GRANTED** in part and **DENIED** in part. Plaintiff's Count IV is dismissed without prejudice to Plaintiff to amend the Complaint. The Court denies the motion to dismiss Plaintiff's Count V.

Signed: April 26, 2023

Max O. Cogburn Jr
United States District Judge

8