IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-663-MOC-DCK

| | |
|---|---|
| **LATREASS BRITTIAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **ESA MANAGEMENT, LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the parties' consent motion for entry of their "Consent Confidentiality Order" (Document No. 48) filed July 28, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Confidential or attorney eyes only documents shall be so designated by placing or affixing the words "CONFIDENTIAL" or "ATTORNEY EYES ONLY" on the document in a manner which will not interfere with the legibility of the document. Documents shall be designated CONFIDENTIAL or ATTORNEY EYES ONLY prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation shall not be deemed a waiver, in

whole or in part, of the right to designate documents as CONFIDENTIAL or ATTORNEY EYES ONLY as otherwise allowed by this Order.

3. **Documents Which May be Designated Confidential or Attorney Eyes Only.** Any party may designate documents as CONFIDENTIAL or ATTORNEY EYES ONLY but only after review of the documents by an attorney who has, in good faith, determined that the documents warrant such designation. Documents may be designated as CONFIDENTIAL if they contain information protected from disclosure by statute, sensitive personal information, trade secrets, information constituting the producing party's non-public intellectual property, sensitive proprietary, technical, or financial, information, or sensitive, confidential, commercial product research and development information. Documents may be designated as ATTORNEY EYES ONLY if they contain extremely sensitive, highly confidential, or trade secret information that, if disclosed to another party or non-party, would create a substantial risk of harm that could not be avoided by less restrictive means.

4. **Depositions.** Portions of depositions shall only be deemed CONFIDENTIAL or ATTORNEY EYES ONLY if designated as such when the deposition is taken or within fourteen (14) business days after receipt of the transcript. The deposition testimony shall be treated as CONFIDENTIAL until final designations are made within fourteen (14) business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected and are limited to the description of CONFIDENTIAL and ATTORNEY EYES ONLY information set forth in paragraph 3, above.

5. **Protection of Confidential and Attorney Eyes Only Material.**

a. **General Protections.** Documents designated CONFIDENTIAL or ATTORNEY EYES ONLY under this Order shall not be used or disclosed by the parties or counsel for

the parties or any other persons identified below (¶ 5.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b. **Limited Third Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-( 8) below. Counsel for the parties shall not disclose or permit the disclosure of any documents designated ATTORNEY EYES ONLY under the terms of this Order to any other person or entity except as set forth in subparagraphs (2)-(8) below. With respect to the persons listed in subparagraphs (4)-(6) and (8) below, disclosure may be made only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL or ATTORNEY EYES ONLY pursuant to this Order:

(1) named parties to this litigation and the officers and employees of the parties who are directly participating in the preparation and trial of the lawsuit;

(2) counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(3) the Court and its personnel;

(4) witnesses as well as court reporters and videographers engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(5) consultants, investigators, vendors, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit;

(6) private arbitrators and mediators;

(7) any person who is indicated on the face of a document to have been an author, addressee, or recipient of the document, or the source of the information; and

(8) other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

c. **Control of Documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL or ATTORNEY EYES ONLY pursuant to the terms of this order.

d. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as CONFIDENTIAL or ATTORNEY EYES ONLY under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" or "ATTORNEY EYES ONLY" if the designation does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

6. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the Court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as CONFIDENTIAL or ATTORNEY EYES ONLY; (2) where appropriate (*e.g.* in relation to

discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 6.1, W.D.N.C., or such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the Court shall first consult with counsel for the party who designated the document as CONFIDENTIAL or ATTORNEY EYES ONLY to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The parties understand that documents may be filed under seal only with the permission of the Court after proper motion pursuant to Local Civil Rule 6.1.

      7.      **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

      8.      **Challenges to Designation as Confidential.** Any CONFIDENTIAL or ATTORNEY EYES ONLY designation is subject to challenge. The following procedures shall apply to any such challenge.

    a.    The burden of proving the necessity of a CONFIDENTIAL or ATTORNEY EYES ONLY designation remains with the party asserting the designation.

    b.    A party who contends that documents designated CONFIDENTIAL or ATTORNEY EYES ONLY are not entitled to treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so

designated the documents shall have fifteen (15) days from service of the written notice to attempt to resolve the dispute with the party challenging the designation. If the dispute cannot be resolved among counsel, the party challenging the designation of a document as CONFIDENTIAL or ATTORNEY EYES ONLY may submit a motion objecting to such designation with the Court.

  c. Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL or ATTORNEY EYES ONLY shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

   (1) the party who claims that the documents are CONFIDENTIAL or ATTORNEY EYES ONLY withdraws such designation in writing; or

   (2) the Court rules that the documents should no longer be designated as CONFIDENTIAL or ATTORNEY EYES ONLY information.

  d. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

  9. **Demands for Production by Non-Parties**. No CONFIDENTIAL or ATTORNEY EYES ONLY materials or portions of such materials shall be disclosed to any governmental agency or otherwise made public, specifically including posting on the Internet, except in compliance with the terms of this Order. In the event a party receives a demand, subpoena, or other request from any non-party, including any government agency or judicial body, to produce any documents that had been designated CONFIDENTIAL or ATTORNEY EYES ONLY by another party, the party who received the demand, subpoena, or other request shall immediately notify the

designating party of the demand, subpoena, or other request, and shall not produce the requested materials without first giving the designating party an opportunity to oppose the requested production.

10. **Inadvertent Production.** Inadvertent or unintentional production of documents without prior designation as CONFIDENTIAL or ATTORNEY EYES ONLY shall not be deemed a waiver, in whole or in part, of the right to designate documents. In the event that the producing party inadvertently fails to designate discovery material as CONFIDENTIAL or ATTORNEY EYES ONLY, it may make such a designation subsequently by notifying all parties to whom such discovery material was produced, in writing, as soon as practicable. After receipt of such notification, the party to whom production has been made shall treat the designated discovery material as Confidential or ATTORNEY EYES ONLY subject to its right to dispute such designation in accordance with Paragraph 8 above.

11. **Effect on Attorney-Client Privilege and Work Product Immunity.** This order is entered subject to Federal Rule of Evidence 502(d).

   a. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal, state, or private proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

   b. The producing party must notify the receiving party promptly, in writing, upon discovery that a document containing privileged or work product material has been produced. Upon receiving written notice from the producing party that privileged or work product material has been produced, all such information shall be returned to the producing

party within ten (10) business days of receipt of such notice, and the receiving party shall not use such information for any purpose until further order of the Court. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

c.     The receiving party may contest the privilege or work product designation by the producing party, shall give the producing party written notice of the reason for the disagreement, and shall be entitled to retain one copy of the disputed document for use in resolving the dispute. However, the receiving party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege. In that instance, the receiving party shall, within fifteen (15) business days from the initial notice by the producing party, seek an order from the Court compelling production of the material. If no such order is sought, upon expiration of the fifteen (15) day period, then all copies of the disputed document shall be returned in accordance with this paragraph.

d.     Any hard copy analyses, memoranda or notes which were internally generated by the receiving party based upon such produced information shall immediately be placed in sealed envelopes, and any such electronic analyses, memoranda or notes shall be not be accessed, upon notice from the producing party and shall be destroyed in the event that: (a) the receiving party does not contest that the information is privileged; or (b) the Court rules that the information is privileged or work product. Such hard copy analyses, memoranda or notes may only be removed from the sealed envelopes, and such electronic analyses, memoranda, and notes may only be accessed, and returned to its intended purpose in the event that: (a) the producing party agrees in writing that the information is not privileged

or work product; or (b) the Court rules that the information is not privileged or work product.

12. **Treatment on Conclusion of Litigation.**

   a. **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated CONFIDENTIAL or ATTORNEY EYES ONLY shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered. The ultimate disposition of any material produced hereunder shall be subject to a final order of the Court upon completion of the litigation.

   b. **Return of CONFIDENTIAL or ATTORNEY EYES ONLY Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as CONFIDENTIAL or ATTORNEY EYES ONLY under this Order, including copies as defined above (¶ 5.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL or ATTORNEY EYES ONLY so long as that work product does not duplicate verbatim substantial portions of the text of CONFIDENTIAL or ATTORNEY EYES ONLY documents. This work product continues to be CONFIDENTIAL or ATTORNEY EYES ONLY under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided

that its use does not disclose the CONFIDENTIAL or ATTORNEY EYES ONLY documents.

13. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

14. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or ATTORNEY EYES ONLY by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

15. This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

**SO ORDERED**.

Signed: July 31, 2023

David C. Keesler
United States Magistrate Judge

*AGREED TO*:

**Moore & Van Allen PLLC**

*s/ William M. Butler*
William Medearis Butler
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
t: 704-331-2455
billbutler@mvalaw.com

Stacie E. Tobin
Alxis K. Rodis
**Venable LLP**
750 E. Pratt Street
Suite 900
Baltimore, MD 21202
t: 410-244-7878
setobin@venable.com
akrodis@venable.com

*Representing Defendants ESA Management, LLC, ESH Hospitality Strategies, LLC, ESH Strategies Franchise, LLC, and ESH Strategies Branding, LLC*

*s/ Brian H. Oates*
Lucas D. Garber
**Shumaker, Loop & Kendrick, LLP**
101 South Tryon Street, Suite 2200
Charlotte, NC 28280
t: 704-945-2963
f: 704-332-1197
lgarber@shumaker.com

**Milberg Coleman Bryson Phillips Grossman, PLLC**

s/ *Scott C. Harris*
Scott C. Harris
N.C. Bar No.: 35328
S. Michael Dunn
N.C. Bar No.: 47713
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
sharris@milberg.com
michael.dunn@milberg.com

James M. Evangelista*
Kristi Stahnke McGregor*
**Evangelista Worley LLC**
500 Sugar Mill Road
Suite 245a
Atlanta, GA 30350
404-205-8400
Fax: 404-205-8395
kristi@ewlawllc.com
jim@ewlawllc.com

*\*Admitted under LR 83.1*

*Counsel for Plaintiffs and the proposed class*

Brian H. Oates
**Jackson Walker L.L.P.**
2323 Ross Avenue
Ste 600
Dallas, TX 75201
t: 214-953-6000
f: 214-953-5822
boates@jw.com

*Representing Aimbridge Hospitality, LLC, TWC Norcross LLC, and Three Wall Capital, LLC*

*Counsel for Defendants*

**ATTACHMENT A**

**ACKNOWLEDGMENT OF UNDERSTANDING
AND
AGREEMENT TO BE BOUND**

IN THE UNITED STATED DISTRICT COURT FOR THE

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

Civil Action No.: 3:22-cv-00663-MOC-DCK

| | |
|---|---|
| Lattreass "Lisa" Brittian, *On Behalf of Themselves and All Others Similarly Situated*,<br><br>Plaintiff,<br><br>v.<br><br>ESA Management, LLC; ESH Hospitality Strategies, LLC; ESH Strategies Franchise, LLC; ESH Strategies Branding, LLC; Doe Companies 1-10; TWC Norcross, LLC D/B/A Extended Stay America Suites Norcross; Three Wall Capital, LLC; and Aimbridge Hospitality, LLC,<br><br>Defendants. | **ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND** |

    The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated [confidentiality order date], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of North Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL or ATTORNEY EYES ONLY solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

    The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

|   |   |   |
|---|---|---|
| Name: | [undersigned name [att A]] | |
| Job Title: | [Job Title [att A]] | |
| Employer: | [Employer [att A]] | |
| Business Address: | [Business Address [att A]] | |

Date:  **[date attachment A signed]**          [Signature [attachment A]]
                                                Signature